IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AWAN HARDY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:15CV484
)
PIEDMONT REGIONAL JAIL, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice for Failure to Serve Defendants)

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this Civil Rights action. Under Federal Rule of Civil Procedure 4(m),[1] Plaintiff has 90 days to serve Defendants Booker, Toney, and Aries ("Defendants"). Here, that period commenced on June 8, 2016. More than 90 days have elapsed and Plaintiff has not served Defendants.

The Court previously received a letter from Plaintiff indicating that he was "writing to get the U.S. Marshalls [sic] to locate the defendants .... I have no info or address for them." (Letter 1, ECF No. 38.) By Memorandum Order entered on September 23, 2016, the Court informed Plaintiff that he is responsible for providing

---

[1] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

information sufficient to serve Defendants in accordance with the time specified by Federal Rule of Civil Procedure 4(m). *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma pauperis* retain responsibility for providing address at which service can be effectuated); *see also Geter v. Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 n.3 (D.D.C. 2007) (advising that *in forma pauperis* status conveys right to have court effect service only to extent plaintiff provides a valid address). The Court noted that Plaintiff was released from incarceration on May 31, 2016, and denied his request to have the Marshal locate the Defendants. The Court also directed Plaintiff, within eleven (11) days of the date of entry thereof, to show good cause why the action against Defendants should not be dismissed without prejudice.

In response, instead of demonstrating good cause for his failure to serve the Defendants, Plaintiff states the following:

> I was late sending the info for the U.S. Marshalls [sic] to help find the officers. I waited because I contacted the Jail Piedmont Regional in Farmville to locate the office. They said they would give me someone there to call me[;] they never returned my call after 15 times I call them over a 2 month period. They give me no help in the matter. Then I asked the court to get the U.S. Marshalls [sic] to help. That's the reason for my delay. I still need the court[']s help.

(Letter 1, ECF No. 40 (capitalization corrected).)

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). This leniency is especially appropriate when factors beyond

2

the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W. Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citations omitted).

As the Court previously warned, Plaintiff, not the Court, nor the United States Marshal, is responsible for "finding" the appropriate addresses for serving Defendants. Plaintiff's statement that he called the jail numerous times and no one returned his call is insufficient to show good cause for his failure to serve Defendants. Plaintiff fails to explain why he could only obtain the addresses for these Defendants through the jail. Thus, Plaintiff fails to demonstrate that he made a "reasonable, diligent effort[] to effect

3

service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Accordingly, Plaintiff has failed to demonstrate good cause to excuse his failure to serve Defendants or good cause to warrant an extension of time. The claims against Defendants will be dismissed without prejudice. The action will be dismissed without prejudice.

    An appropriate Order shall issue.

    It is so ORDERED.

Date: Oct. 26, 2016
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

4